UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-1782 JVS (KESx)               Date  May 19, 2021

Title  Frank Falat v. Rodney Cyril Sacks et al.

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Karlen Dubon | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **[IN CHAMBERS] Order Regarding Motion for Reconsideration**

    Nominal Defendant Monster Beverage Corporation ("Monster") filed a motion for reconsideration of the Court's April 8, 2021 Order re motion to dismiss. Mot., Dkt. No. 46. Individual Defendants Rodney Cyril Sacks, Hilton Hiller Schlosberg, Thomas J. Kelly, Emelie C. Tirre, Mark J. Hall, Kathleen E. Ciaramello, Gary P. Fayard, Jeanne P. Jackson, Steven G. Pizula, Benjamin M. Polk, Sydney Selati and Mark S. Vidergauz (the "Individual Defendants") filed a notice of joinder in the motion. Notice, Dkt. No. 47. Plaintiff Frank Falat ("Falat") opposed the motion.[1] Opp'n., Dkt. No. 48. Monster replied. Reply, Dkt. No. 50.

    For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

    The factual background of this case is familiar to the parties and the Court, and the Court accordingly incorporates the summary of facts in the background section from its April 8, 2021 Order regarding Monster and the Individual Defendants' motion to dismiss.

---

[1] The Court acknowledges Falat's objection that Monster failed to comply with the procedure set forth in Local Rule 7-3. Falat correctly notes that L.R. 7-3 requires the parties to meet and confer before the filing of a motion and for the conference to "take place at least
seven (7) days prior" to its filing. Accordingly, the Court agrees with Falat that Monster erred in filing the present motion on April 22, 2021, a mere two days after the conference pursuant to L.R. 7-3 occurred. While the Court declines to exercise its power under L.R. 7-4 to refuse to consider a motion that does not adhere to the requirements of L.R. 7-3, the Court does admonish Monster to strictly comply with all Federal and Local Rules going forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-1782 JVS (KESx) | Date | May 19, 2021 |
| Title | Frank Falat v. Rodney Cyril Sacks et al. | | |

See Order, Dkt. No. 45.

## II. Legal Standard

The grounds for reconsideration are set forth in Local Rule 7-18, which provides:

A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.[2]

The Court has discretion in determining whether to grant a motion for reconsideration. See Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

## III. Discussion

Monster argues that the Court should reconsider its Order to the extent that it grants Sacks leave to amend because the Private Securities Litigation Reform Act (the "PSLRA") discovery stay applies here. Mot., Dkt. No. 46, at 4 (citing 15 U.S.C. § 78u–4). The PSLRA provides for a stay of any discovery in an action in which the plaintiff asserts a federal securities claim. Monster argues that at because Falat's Complaint includes a claim under Section 14 of the Exchange Act, all discovery must be stayed while motions to dismiss are pending. Id., at 4–5.

---

[2] See also School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-1782 JVS (KESx) | Date | May 19, 2021 |
| Title | Frank Falat v. Rodney Cyril Sacks et al. | | |

As Monster correctly notes, the Court granted leave to amend based on Falat's request for hearing (Dkt. No. 44), in which Falat sought leave to amend so that he could propound a Section 220 inspection demand. See id., at 2. Monster did not have an opportunity to respond to the request for leave to amend. Id. Moreover, Monster points out that when the Court issued its April 8, 2021 Order, it did not have the benefit of the April 16, 2021 ruling in Ocegueda v. Zuckerberg, No. 20-cv-04444-LB, 2021 U.S. Dist. LEXIS 73953 (N.D. Cal. Apr. 16, 2021) ("Facebook II"), which Monster believes speaks to this issue. Id., at 3. The court in Facebook II, relying on an on an earlier decision, In re Facebook, Inc. S'holder Derivative Litig., 411 F. Supp. 3d 649, 652–54 (N.D. Cal. 2019) ("Facebook I") where the court had rejected a shareholder derivative plaintiff's request to pursue an inspection demand before filing an amended complaint, declined to lift the PSLRA stay so that the plaintiff could pursue a books and records request. Id., at 3 (citing Facebook I, 411 F. Supp. 3d at 653 (citations omitted)).

Pursuant to the PLSRA, "[i]n any private action arising under this title, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u–4(b)(3)(B). It is clearly the case that Falat's Complaint includes a claim under Section 14 of the Exchange Act. Monster correctly calls the Court's attention to the decisions in Facebook I and Facebook II, in which courts determined that authorizing a shareholder to seek to inspect a corporation's books and records in a quest to uncover facts to support a demand futility argument would be inconsistent with the stay of discovery imposed under the PSLRA.

Nevertheless, the Court finds that the authority to which Monster cites supports only disallowing an *extension of time* for which a derivative shareholder plaintiff may file his or her amended complaint rather than denying leave to amend altogether. See Facebook I, 411 F. Supp. 3d at 655 (ordering plaintiff's amended complaint to be filed within 21 days because an inspection demand would be "an effort to bypass the PSLRA discovery stay."); see also Facebook II, 2021 U.S. Dist. LEXIS 73953, at *1 (denying plaintiff's motion to enlarge time for filing amended complaint "because the plaintiff has not established that the court should lift the PSLRA stay."). As Falat notes in his opposition, Facebook II does not constitute a change in controlling law sufficient to warrant reconsideration, because Facebook II relies exclusively on Facebook I, which the Court considered in its Order. See Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-1782 JVS (KESx)                          Date   May 19, 2021

Title         Frank Falat v. Rodney Cyril Sacks et al.

("a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law").

What is more, the Court is not convinced that Monster is correct in assuming that a § 220 search of books and records constitutes "discovery" for the purposes of the PLSRA. Delaware courts have held that an inspection of books and records under 8 Del. Code § 220 is not "discovery." See ,e.g., Paul v. China MediaExpress Holdings, Inc., 2012 Del. Ch. LEXIS 3, at *18 (Del. Ch. Jan. 5, 2012) ("Inspection under § 220 is not discovery, but rather is a limited form of document production narrowly tailored to the express purposes of the shareholder requesting access to the company's books and records."); see also Am. Bank v. City of Menasha, 627 F.3d 261, 265 (7th Cir. 2010) ("The Delaware General Corporation Law, for example, entitles shareholders to inspect corporate
books and records for 'any proper purpose[,]' and the Delaware Supreme Court
has ruled that requests made under this provision are not discovery demands.")
(citing Saito v. McKesson HBOC, Inc., 806 A.2d 113, 114–15 (Del. 2002)).

Lastly, Monster appears concerned that Falat "sought an open-ended extension of time to file an amended complaint" because "[a] shareholder request for books and records under Section 220 can take many months to resolve and often generates its own protracted litigation." Mot., Dkt. No. 46, at 7. However, as Falat notes in his opposition, "Monster's complaint that an inspection demand under § 220 "can take many months to resolve" is not a reason to deny Falat the right that he has, as a shareholder of Monster, to inspect books and records. Opp'n, Dkt. No. 48. At 12.

Accordingly, the Court **DENIES** the motion for reconsideration.

### IV. CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-1782 JVS (KESx)                                Date  May 19, 2021

Title     Frank Falat v. Rodney Cyril Sacks et al.

    For the foregoing reasons, the Court **DENIES** the motion. The Court finds that oral argument will not be helpful in this matter. Fed. R. Civ. P. 78; L-R 7–15. Accordingly, the Court **VACATES** the hearing set for May 24, 2021.

    **IT IS SO ORDERED.**

                                                                                                                              :    0

                                                     Initials of Preparer      kdu